### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **YORKIE AUTO LLC,** | : | Case No. 2:23-cv-2515 |
| | : | |
| Plaintiff, | : | Judge Algenon L. Marbley |
| | : | |
| v. | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| **ZANOY INDUSTRIAL GROUP INC.,** | : | |
| | : | |
| Defendant. | : | |

### OPINION & ORDER

This matter comes before this Court on Plaintiff's Motion for Default Judgment. (ECF No. 24). For the reasons below, Plaintiff's Motion (ECF No. 24) is **DENIED**, and this action is **DISMISSED** for lack of subject matter jurisdiction.

### I.    BACKGROUND[1]

Plaintiff is a Columbus-based car dealership specializing in luxury cars. In July 2023, it came across an online ad for a Chevrolet Corvette and reached out to Defendant, a Miami-based seller of luxury vehicles, to buy it. After some email communications between the two, the parties agreed on a purchase price of $75,000. They signed an agreement, and Plaintiff wired Defendant $75,000 for the purchase. Defendant confirmed receipt of the wire, but Plaintiff never received legal or physical possession of the car. After its efforts to contact Defendant went unanswered, Plaintiff brought this lawsuit on August 4, 2023, charging Defendant with breach of contract, as well as wire fraud under both federal law and Ohio law. Plaintiff seeks $75,000 in actual damages plus punitive damages and attorney's fees under Ohio law.

---

[1] Unless otherwise noted, these facts are taken from Plaintiff's Complaint (ECF No. 1) and assumed to be true for purposes of resolving the Motion for Default Judgment.

1

Plaintiff initially faced some issues with serving Defendant. (*See* ECF Nos. 5–16). Service was ultimately effected, however, on March 3, 2024. (ECF No. 17). After Defendant failed to plead or otherwise appear, Plaintiff requested entry of default, which the Clerk of Court granted on April 15, 2024. (ECF No. 23). Plaintiff now moves for default judgment under Fed. R. Civ. P. 55(b). (ECF No. 24). Because Defendant's deadline to respond to the motion under S.D. Ohio Civ. R. 7.2(a)(2) expired, this matter is now ripe for review.

## II.  STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. The first step is entry of default. A party defaults when it fails to "plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). Once default is entered, a party may take the second step by moving for default judgment. Fed. R. Civ. P. 55(b). But "[a]n entry of default does not automatically entitle the plaintiff to a default judgment." *Methe v. Amazon.com.dedc, LLC*, 2019 WL 3082329, at *1 (S.D. Ohio July 15, 2019). Generally, "[t]he plaintiff must still show that, when all of the factual allegations in the complaint are taken as true, the defendant is liable for the claim(s) asserted." *Id.* At the default judgment stage, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(b)(6). In deciding whether to grant default judgment, courts consider: (1) the possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits. *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)).

Before examining these factors, however, a court must be satisfied that it has jurisdiction. *See Campanella v. Com. Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998) ("[F]ederal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists[.]"). After all, a judgment would be void "if the court that rendered it lacked jurisdiction of the subject matter . . . ." *Antoine v. Atlas Turner*, 66 F.3d 105, 108 (6th Cir. 1995) (citation and quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. LAW & ANALYSIS

Although Plaintiff properly applied for, and obtained, an entry of default, this Court cannot reach the merits of default judgment if it lacks subject matter jurisdiction over the action. *See Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1419 n.2 (6th Cir. 1996) ("[F]ederal Courts, being courts of limited jurisdiction, must examine their subject-matter jurisdiction throughout the pendency of *every* matter before them." (emphasis in original) (citation and quotation marks omitted)). Subject-matter jurisdiction can be established through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, *id.* § 1331. Plaintiff invokes this Court's diversity jurisdiction (*see* ECF No. 1 ¶ 3), but the Complaint also asserts a claim under federal law (*id.* at 4). This Court will therefore examine jurisdiction on both grounds.

Diversity jurisdiction exists over an action between "citizens of different states" when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Although the statutory language appears to exclude attorney's fees and interest, courts have recognized an exception for penalties and attorney's fees that are provided by statute. *See Clark v. Nat'l Travelers Life Ins.*, 518 F.2d 1167, 1168 (6th Cir.1975) ("It is settled that the

3

statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met."); *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered.").

While the statute Plaintiff invokes, Ohio Rev. Code § 2315.21, provides for attorney's fees and punitive damages that could meet the jurisdictional amount, the statute is inapplicable to the case *sub judice*. The statute applies only to "tort action[s]." *See* Ohio Rev. Code § 2315.21. The statute defines "[t]ort action" to exclude "a civil action for damages for a breach of contract or another agreement between persons." *Id.* § 2315.21(A)(1)(b). Because Plaintiff's action arises from Defendant's alleged breach of the vehicle purchase agreement, it is not a "tort action" within the reach of Ohio Rev. Code § 2315.21(E)(1) or § 2315.21(D)(2).

Plaintiff, to be sure, also asserts a fraud claim. But generally, under Ohio law, a tort claim for fraud "cannot duplicate a breach of contract claim in its factual and legal basis." *See Cunningham Prop. Mgmt. Tr. v. Ascent Res. - Utica, LLC*, 351 F. Supp. 3d 1056, 1067 (S.D. Ohio 2018) (citing *Telxon Corp. v. Smart Media of Delaware, Inc.*, 2005-Ohio-4931, 2005 WL 2292800 (Ohio Ct. App. 2005)). A tort "will exist independently of the contract action *only if* the breaching party also breaches a duty owed separately from that created by the contract . . . ." *Telxon,* 2005-Ohio-4931, 2005 WL 2292800, ¶ 34 (emphasis added). The complaint here does not identify a separate non-contractual duty that Defendant breached when failing to tender the vehicle, rendering any fraud claim duplicative of Plaintiff's contract claim. Because the Complaint does not assert a viable tort claim, Plaintiff is not entitled to punitive damages and fees under Ohio Rev.

4

Code § 2315.21. Assuming there is complete diversity between the parties, Plaintiff's allegations still fail to place the amount in controversy above $75,000.

Plaintiff's assertion of a federal wire fraud claim also cannot invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331. The reason is simple: violations of the federal criminal statute, 18 U.S.C. § 1343, "do not give rise to independent, private causes of action." *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997). So this Court also lacks federal question jurisdiction over this action under 28 U.S.C. § 1331.

Absent a viable federal claim or an amount in controversy exceeding $75,000, this Court lacks jurisdiction to entertain Plaintiff's motion for default judgment. As a result, the motion is **DENIED**, and the action is **DISMISSED** for lack of subject matter jurisdiction.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment against Defendant is **DENIED**, and this action is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: March 4, 2025**

5